UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRIE J. HARDY,             ]
    Plaintiff,              ]
                             ]
    vs.                     ]   2:11-CV-01853-LSC
                             ]
MICHAEL J. ASTRUE,           ]
Commissioner of Social Security ]
    Defendant.              ]

MEMORANDUM OF OPINION

I.   Introduction

The plaintiff, Darrie J. Hardy, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Mr. Hardy timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Hardy was fifty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a tenth grade education. (Tr. at 16.) His past work experiences include employment as a food preparation worker, school custodian, pipe layer, and bakery production worker. (Tr. at 17.) Mr. Hardy claims that he

became disabled on June 30, 2007, due to fatigue, weakness, pain in his right rotator cuff and back, osteoarthritis, hypertension, and depression. (Tr. at 17-18.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a

determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. § 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Hardy was not disabled under the Social Security Act. (Tr. at 27.) He further determined that Mr. Hardy has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's right shoulder pain, hypertension, probable fibromyalgia, chronic low back pain and dysthymia are considered "severe" based on the requirements set forth in the regulations. (Tr. at 23.) However, he found that these impairments neither meet nor medically equal any of the listed impairments

in Appendix 1, Subpart P, Regulations No. 4. (*Id.*) The ALJ did not find Mr. Hardy's allegations to be fully credible, and he determined that Mr. Hardy had the residual functional capacity to perform medium work which allows him to frequently bend, stoop, or climb, and in which he will have no excessive exposure to dust, fumes, or gases. (Tr. at 25.)

According to the ALJ, Mr. Hardy is unable to perform any of his past relevant work. (*Id.*) Even though Plaintiff's exertional limitations do not allow him to perform the full range of medium work, the ALJ used Medical-Vocation Rule 203.11 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as material handler, wrapper and packer, and general laborer in a clean environment. (Tr. at 27.) The ALJ concluded his findings by stating that Plaintiff "has not been disabled at any time through the date of this decision." (*Id.*)

II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion

Plaintiff alleges that the ALJ's decision is not based on substantial evidence and should be reversed for two reasons.  First, he argues that the ALJ gave improper weight to the opinion of Plaintiff's examining physician. (Doc. 8 at 6-8.)  Second, Plaintiff contends that the ALJ failed to properly apply the Medical-Vocational Guidelines of the Regulations in this case.  (*Id*. at 9-12.)

   A.   Weight of the Examining Physician's Opinion

Plaintiff contends that the Administrative Law Judge ("ALJ") improperly afforded more weight to the opinion of the nonexamining physician, Dr. Smith, than his examining physician, Dr. Desai. (Doc. 8 at 6.)  The ALJ may discount the opinion of a physician, even a treating physician, for good cause; "good cause" exists for an ALJ to not give a physician's opinion substantial weight when the: (1) "physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) . . . physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); see also *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record). The

weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source.  *See* 20 C.F.R. § 416.927(d).

The Court must also keep in mind that opinions such as whether a claimant is disabled, the claimant's Residual Functional Capacity ("RFC"), and the application of vocational factors "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."  20 C.F.R. § 416.927(e).  The ALJ's findings must be supported by substantial evidence; substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Dr. Desai performed a consultative evaluation of the plaintiff on June 5, 2008, at the request of the Social Security Administration. (Tr. at 119.) Plaintiff complained

of chronic fatigue with shortness of breath, back pain, and difficulty moving. (Tr. at 119-23.) Dr. Desai reviewed Dr. Bohnenkamp's records and noted Plaintiff's diffuse chronic pain, depression, insomnia, hypertension, obesity, and the pain in his left shoulder. (Tr. at 119.) Dr. Desai also noted that the plaintiff is independent in his daily activities with occasional need of assistance going up and down stairs, and that he spends most of his time sitting and walking around. (*Id.*) Dr. Desai concluded that plaintiff's pain and tenderness in his lower extremities were "somewhat significant" and opined that it was likely due to arthritis (though the underlying condition was unclear). (Tr. at 122.) Dr. Desai suggested the following limitations: limit standing and walking to two hours with breaks; limit sitting to four to six hours with breaks; limit lifting and carrying to five to ten pounds frequently, and twenty pounds occasionally; no climbing, environmental or manipulative limitations, and no required assistive devices. (Tr. at 122.)

    On July 7, 2008, Dr. Smith, a state agency medical consultant, reviewed all the Plaintiff's medical records and completed a physical RFC assessment. (Tr. at 125-32.) Upon review of the entire record, Dr. Smith determined that Plaintiff had the exertional limitations of lifting of carrying limited to twenty-five pounds frequently, and fifty pounds occasionally; standing or walking limited to six hours in a normal

work day, and sitting limited to six hours in a normal work day. (Tr. at 126.) Plaintiff had environmental limitations of extreme temperatures and hazards such as unprotected heights and hazardous machinery. (Tr. at 129.) Plaintiff had no postural limitations except with regard to balancing and no manipulative, visual, or communicative limitations. (Tr. at 125-32.) Dr. Smith opined that the limitations on standing, walking, lifting, and carrying were to be given little weight because they were not supported by the objective medical evidence in the record. (Tr. at 131.)

Plaintiff claims that it was improper for the ALJ to disregard Dr. Desai's opinion because it was based on Dr. Desai's own examination of the plaintiff and is corroborated by the fact that the Plaintiff is receiving ongoing treatment for the pain in his back and shoulder. (Doc. 8 at 7.) Plaintiff's ongoing treatment is certainly indicative of the fact that he is experiencing pain, but not of how severe that pain is or whether these limitations arise from it. *See Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984)("It was not inconsistent for the [ALJ] to find that [the plaintiff] suffers pain in fact, and yet is not so severely impaired as to meet the stringent test for disability imposed by the Act.").

The ALJ had good cause to reject Dr. Desai's opinion regarding the plaintiff's standing, walking, lifting, and carrying limitations. First, the suggested limitations are

not bolstered by the evidence. In his hearing testimony, the plaintiff stated that he went to the unemployment agency to apply for a job after being terminated from his previous job. (Tr. at 203.) Also, he reports daily activities including yard work, cooking, sweeping, shopping, washing dishes, and watching television. (Tr. at 145, 201, 216-17.) That the plaintiff can do these daily activities and had been actively looking for a job suggests that he is not suffering from debilitating limitations that would prevent him from being able to perform work. Furthermore, there is also some discrepancy in the record about which shoulder was giving the plaintiff the most severe pain; the plaintiff's hearing testimony claims it is his right shoulder, while Dr. Bohnenkamp's records shows it is his left shoulder. (Tr. at 194, 111.)

Second, the medical records support a conclusion contrary to Dr. Desai's opinion on the limitations. Plaintiff saw his treating physician, Dr. Bohnenkamp seven times from June 29, 2007, through October 9, 2008, and was diagnosed with diffuse arthralgia/myalgia. (Tr. at 108-18, 163.) However, Plaintiff declined an injection into his shoulder, and Dr. Desai's report indicated Plaintiff had full motor strength and full range of motion in his upper extremities. (Tr. at 111, 121.) The ALJ also found it most notable that Plaintiff's alleged pain and fatigue did not prevent him from performing any other daily tasks. (Tr. at 24.) This determination—that his allegations of pain and

the limitations that arise from that pain are not credible—supports a finding contrary to Dr. Desai's opinion regarding Plaintiff's limitations.

Finally, Dr. Desai's opinion is not consistent with the objective medical findings in his own report. Although Dr. Desai favored osteoarthritis as the diagnosis, the plaintiff's underlying condition that led to the pain in his lower extremities was unclear because the plaintiff had good muscle strength and his sensation was intact. (Tr. at 122.) Dr. Desai reported that plaintiff can walk normally and that his range of motion was "normal throughout" his body, including his lower extremities. (Tr. at 121.) These findings do not suggest the plaintiff's walking and standing limitations. The plaintiff also has a full range of motion and full motor strength in his upper extremities. (Tr. at 121-22.) This finding does not suggest the limitation regarding lifting and carrying.

Plaintiff argues that it was the ALJ's duty to recontact Dr. Desai in the face of an inconsistent report instead of "misinterpret[ing] that opinion to the detriment of Plaintiff." (Doc 8 at 8.) However, the ALJ is only required to recontact the physician in the face of report so incomplete or inadequate that the ALJ cannot make a decision based on it. 20 C.F.R. § 416.912(e). Here, Dr. Desai's report was complete, and the

ALJ was capable of making a decision based upon it. Therefore, the ALJ was under no obligation to recontact Dr. Desai.

The ALJ had good cause to reject Dr. Desai's opinion because the opinion was not bolstered by the evidence, the evidence supported a contrary finding and Dr. Desai's conclusion was inconsistent with his own medical records. The ALJ was under no obligation to recontact Dr. Desai because his report was complete. Thus, the opinion of the ALJ is supported by substantial evidence.

B.   Application of the Medical-Vocational Guidelines of the Regulations

Plaintiff contends that the ALJ applied the wrong "GRID Rule" to the plaintiff's case due to the incorrectly determined RFC assessment. (Doc. 8 at 9.) It is the ALJ, not the physician, who is responsible for making the RFC assessment. 20 C.F.R. § 416.927(e). When the facts as to an individual's "vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. pt.404 Subpart P, Appendix 2. § 200.00(a). As stated above, the ALJ had good cause to reject Dr. Desai's limitations and therefore, the ALJ's RFC assessment was correct. The RFC said that the plaintiff can perform medium work, is of advanced age, with limited education, and has performed unskilled labor. (Tr. at 24-25, 16-17.) These

facts coincide with Medical-Vocational Rule 203.11 which directs a conclusion that the plaintiff is not disabled.  20 C.F.R. pt.404 Subpart P, Appendix 2. § 203.11.  Thus, the ALJ did not err in applying this rule to the plaintiff's case.

IV.	Conclusion.

Upon review of the administrative record, and considering all of Mr. Hardy's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 15th day of June 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458